IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2000 AUG 21  P 3: 33

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

| | | |
|---|---|---|
| MARIA KELLY, et al. | * | |
| | * | |
| v. | * | |
| | * | |
| FULLWOOD FOODS, INC., et al. | * | CIVIL NO. JFM-00-1391 |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA | * | |

**MEMORANDUM OPINION**

This case is before the Court on a motion to dismiss filed by the United States. Plaintiffs filed suit against Fullwood Foods, Inc., Harlow Fullwood, Jr., KFC National Management Company, Inc., and Kentucky Fried Chicken of California, Inc. [collectively "Defendants"], in the Circuit Court for Baltimore City seeking damages for injuries allegedly sustained from eating contaminated food. Defendants then filed a third-party complaint against Total Health Care, Inc. ["THC"], seeking indemnification and contribution. On May 12, 2000, THC removed the case to this court and the United States filed a motion to be substituted for THC as third-party defendant. The United States then filed a motion to dismiss on May 16, 2000. The motion will be granted in part and denied in part.

I.

On February 6, 1996, Maria Kelly purchased a meal of fried chicken and biscuits from a Kentucky Fried Chicken restaurant at 1600 W. North Avenue in Baltimore. Kelly brought the meal home and ate it with Charles, Taylor, Tanya, and Terri Stanley. The following day, Kelly



and the Stanleys became ill with diarrhea, stomach pains, and flu-like symptoms. On February 10, 1996, three-year-old Tanya Stanley was found deceased in her bed. Subsequent testing revealed that Kelly and the Stanleys had contracted salmonella poisoning.

Plaintiffs subsequently filed the present suit, alleging negligence, strict product liability, misrepresentation, and wrongful death in connection with the tainted food.[1] Defendants have filed a third-party complaint for indemnity and contribution against THC, and the United States has been substituted as third-party defendant. The United States argues that the third-party complaint should be dismissed because Plaintiffs' allegations of "active" negligence preclude Defendants from seeking indemnity. In addition, the United States contends that Defendants cannot seek contribution because the United States is not directly liable to Plaintiffs due to the expiration of the limitations period under the Federal Tort Claims Act ["FTCA"].

II.

A right to indemnity may arise "where the character of one tortfeasor's conduct is significantly different from that of another who is also liable for the same damages." Pyramid Condominium Ass'n v. Morgan, 606 F. Supp. 592, 595 (D. Md. 1985). Maryland follows the "active/passive negligence" rule, by which a defendant whose negligence was "passive" may seek indemnity from a tortfeasor's whose negligence was "active." See Franklin v. Morrison,

---

[1] Kelly also filed a malpractice suit, on behalf of Tanya Stanley, against THC in the Circuit Court for Baltimore City, alleging that THC failed to diagnose Stanley's salmonella poisoning. After the United States was substituted as defendant due to THC's status as a federally-supported health center, the action was removed to this court. On January 28, 2000, I dismissed the case because Kelly's suit was barred by the statute of limitations in the Federal Tort Claims Act. Kelly v. Total Health Care, Inc., Civ. No. JFM-99-2433 (D. Md. Jan. 28, 2000). That case is presently on appeal.

350 Md. 144, 160, 711 A.2d 177 (1998); Hartford Accident & Indemnity Co. v. Scarlett Harbor Assocs., L.P., 109 Md. App. 217, 277, 674 A.2d 106 (1996). However, "[i]t is well-established under Maryland law that one who is guilty of active negligence cannot obtain tort indemnification." Franklin, 350 Md. at 163, 711 A.2d 177. Courts addressing the "active/passive" negligence distinction must examine the allegations in the plaintiff's complaint. See Hartford, 109 Md. App. at 278, 674 A.2d 106; Pyramid, 606 F. Supp. at 596. If the conduct attributed to the party seeking indemnification constitutes active negligence, or if it is clear from the complaint that this party's liability would only arise from proof of active negligence, then there is no valid claim for indemnity. See Pyramid, 606 F. Supp. at 596.

In this case, Plaintiffs allege that Defendants were "negligent in failing to properly inspect food items prepared for sale to the public; failing to properly prepare food items intended for sale to the public; failing to properly store and/or refrigerate food items intended for sale to the public; failing to segregate cooked foods from uncooked foods; and failing to obey the health and welfare regulations of the State of Maryland." 1st Amend. Compl. ¶¶ 16, 26. Because these activities – inspection, preparation, storage, segregation, and adherence to regulations – can only be viewed as "active," Defendants are precluded from seeking indemnity in this case.

III.

Under the FTCA, the United States is liable for the acts and omissions of its agents that are tortious under the law of the place where the act or omission occurred. See 28 U.S.C. §§ 1346(b), 2674; Norton v. United States, 581 F.2d 390, 394 (4th Cir. 1978). This waiver of sovereign immunity extends to contribution claims that are viable under relevant state law. See United States v. Yellow Cab Co., 340 U.S. 543, 548 (1951). Maryland's version of the Uniform

Contribution Among Tortfeasors Act ["UCATA"] recognizes a right to contribution among joint tortfeasors. Md. Code Ann. Cts. & Judicial Proceedings § 3-1402(a)(1998 & 1999 Supp.).[2] Maryland courts have interpreted the UCATA to embody the principle that "contribution from a third party defendant is predicated on his or her direct liability to the plaintiff." Montgomery County v. Valk Mfg. Co., 317 Md. 185, 193, 562 A.2d 1246 (1989). In other words, "there is no right of contribution where the injured person has no right of action against the third party defendant." Id. Therefore, when the alleged tortfeasor enjoys immunity from the plaintiff's claim, no claim to contribution exists because there is no "common liability." Id. Courts have applied this rule to bar contribution where the third-party tortfeasor was protected by parent-child immunity, see Zaccari v. United States, 130 F. Supp. 50 (D. Md. 1955), and spousal immunity, see Ennis v. Donovan, 222 Md. 536, 161 A.2d 698 (1960).

Maryland courts, however, have drawn a deliberate distinction between defenses based on immunities and statutes of limitation. In Valk, the Court of Appeals explained that immunities "arise directly out of the wrongdoing itself," whereas "a statute of limitations defense depends on litigation procedures transpiring after the wrongdoing has occurred." 317 Md. at 198 n.16, 562 A.2d 1246. More recently, the Court of Special Appeals expressly held that a third-party defendant was subject to a claim for contribution as a joint tortfeasor despite the fact that he was not directly liable to the plaintiff due to the statute of limitations. See Jacobs v. Flynn, 131 Md. App. 342, 374, 749 A.2d 174 (2000), cert. denied, __ Md. __, __ A.2d __ (July 24, 2000). After

---

[2] The UCATA defines "joint tortfeasors" as "two or more persons jointly or severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." § 3-1401(c).

discussing Valk, the court noted that cases from other jurisdictions had uniformly reached the same conclusion. See id. at 373, 749 A.2d 174. The court then explained that a contrary rule would allow an injured party to "foreclose a tort-feasor's right to contribution by waiting to bring his action until just before expiration of the statute of limitations on his claim. The defendant's right of contribution, a doctrine based on principles of fairness, could be frustrated by such a plaintiff." Id. (quoting Oviatt v. Automated Entrance Sys. Co., 583 A.2d 1223, 1228 n.6 (Pa. Super. 1990)). Under Maryland law, therefore, a statute of limitations defense against the injured party's claim will not protect a third-party defendant from contribution.

Here, the parties agree that Plaintiffs failed to file suit against THC within the FTCA's two-year limitations period. Based on this fact, the United States argues that it is not directly liable to Plaintiffs.[3] This argument must fail, however, because even if the Plaintiffs' suit against

---

[3]The United States characterizes its argument as one based on immunity in order to bring itself within the ambit of the Maryland cases barring contribution from a third-party who has immunity from the plaintiff's claim. The FTCA does conflate the concepts of limitations and immunity; as a general rule, it is proper to say that the United States has not waived sovereign immunity as to untimely claims. However, the immunities that the Maryland courts have held to bar third-party claims have the purpose, rooted in policy, of protecting the integrity of certain relationships, e.g., between parent and child or husband and wife. In contrast, the policy supporting statutes of limitations is the timely presentment of claims. From this standpoint, because the "obvious purpose" of the FTCA's limitations provision is "to encourage the prompt presentation of claims," United States v. Kubrick, 444 U.S. 111, 117 (1979), the FTCA for present purposes is akin to a traditional limitations statute. Furthermore, the United States' suggested approach would lead to a result contrary to both the FTCA and relevant case law. The FTCA requires plaintiffs to exhaust their administrative remedies before pursuing their claims in court; however, third-party claims are exempt from this requirement. See 28 U.S.C. § 2675(a). This exemption embodies the principle that the defendant (third-party plaintiff) must be the master of his own claim. The same rationale underlies the rule that contribution claims accrue not at the time of the injury, but at the time the defendant pays the judgment. See United States Lines, Inc. v. United States, 470 F.2d 487, 489 (5th Cir. 1972). In other words, the FTCA and derivative case law both hold that the party seeking contribution should not have his claim defeated by the plaintiff's delay. See Keleket X-Ray Corp. v. United States, 275 F.2d 167, 169

the United States is now barred by the FTCA, Defendants may prove that the United States "at some time was liable with [Defendants] for damage." Keleket X-Ray Corp. v. United States, 275 F.2d 167, 169 (D.C. Cir. 1960). Contribution from the United States is, therefore, not precluded by the existence of a statute of limitations defense against Plaintiffs. See Jacobs, 131 Md. App. at 374, 749 A.2d 174.

For these reasons, the United States' motion to dismiss will be granted in part and denied in part.

August 21, 2000

J. Frederick Motz
United States District Judge

---

(D.C. Cir. 1960)("We know of no reason why the law should let action or inaction of the injured party defeat a claim to contribution."). This brings us full circle back to Maryland law that protects a defendant's right of contribution from being frustrated by the plaintiff's delay in asserting his own claims. See Jacobs, 131 Md. App. at 373, 749 A.2d 174.